## CASE v. RICHASON, SHERIFF, ET AL.

[No. 4,325. Filed June 18, 1902.]

DESCENT AND DISTRIBUTION.—*Action by Heir to Recover Share.*—*Contribution.*—A widow as administratrix of her deceased husband's estate settled a claim against a railroad company for the death of her husband for $3,800, invested $2,000 of the money in real estate, and used the balance for the support of herself and child. A child of deceased by a former marriage recovered a judgment in which it was decreed that the $3,800 was a trust fund, and, after the deduction of $500 for the widow, belonged equally

to the widow and the two children, and that plaintiff should recover $1,250.70, which should come out of the real estate. Execution was issued and the property was sold for the sum of $1,350. The child by the second marriage brought suit to recover her interest in the money in the hands of the sheriff, alleging the insolvency of the administratrix and that there was no other property out of which her share could be collected. *Held,* that defendant received no more than her share and that plaintiff was entitled to no part thereof.

From Cass Circuit Court; *D. H. Chase,* Judge.

Action by Jessie Case against Napoleon B. Richason, sheriff, and others to recover her interest as heir in certain funds in the hands of the sheriff. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*M. Winfield, M. B. Lairy* and *M. F. Mahoney,* for appellees.

HENLEY, P. J.—The appellant, a minor, by her next friend, began this action to recover her alleged interest in certain moneys received by the appellee, the sheriff of Cass county, Indiana, from the sale of property by him. The appellee Mabel Nelson claims the same money as her individual property. Appellees jointly and severally demurred to the complaint. These demurrers were sustained by the court. Appellant refused to amend or plead further, and judgment was therefore rendered in favor of appellees. The errors assigned question the ruling of the trial court on the demurrers to the complaint. The appellant, by her complaint, alleged that in February, 1891, Charles B. Case was killed while in the performance of his duties as a passenger conductor for the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company; that he left surviving him as his only heirs at law, Martha J. Case, his widow, the appellant Jessie Case, their child, and the appellee Mabel Nelson, a child by a former marriage; that her father at the time of his death was a member of and had his life insured in the Voluntary Relief Department of the Pennsylvania

Lines west of Pittsburgh, for the sum of $1,200, payable
to his wife Martha J. Case and evidenced by a certificate
in said department; that in June following his death said
Voluntary Relief Department and said Pittsburgh, Cin-
cinnati, Chicago & St. Louis Railway Company, made and
entered into an agreement with said widow by which they
agreed that if she would cancel and deliver up said certifi-
cate and release said railway company from liability they
would pay her $5,000, which agreement was performed in
August, 1891; that at the request of said relief department
and said railway company said widow qualified as admin-
istratrix of her husband's estate, and when they paid her
said $5,000, she, as such administratrix, executed to them
a receipt therefor; that with $2,000 of said money she pur-
chased the east half of lot five in Neenah Simpson's addi-
tion to Logansport, and the balance of said $5,000 she used
for the support of herself and child; that subsequently,
in June, 1899, Mabel Nelson, the child by the former mar-
riage, recovered a judgment in the Cass Circuit Court
against said Martha J. Case, widow, by which it was ad-
judged and decreed that $3,800 of the sum received by her
was a trust fund, and, after the deduction of $500 for the
widow, belonged equally to said widow and said children,
Jessie Case and Mabel Nelson, and that said Mabel Nelson
should recover $1,250.70, which should come out of said real
estate which was trust property; that in September, 1899,
a copy of said decree was issued and delivered to the sheriff
of Cass county, who sold said property, and realized therefor
the sum of $1,350. It is also alleged that appellant is enti-
tled to her one-third interest in said trust fund; that no part
thereof had ever been paid to her; that there is no other
property than the property sold out of which her share, or
any part of it, can be collected; that said Martha J. Case
is insolvent and has no property subject to execution; that
Mabel Nelson is insolvent, has no property subject to exe-
cution, and is a nonresident of Indiana. Appellant then

alleges that the judgment recovered by said Mabel Nelson, declaring said property trust property, was for, and inured to the benefit of, appellant and the moneys received by the sheriff from the sale thereof is a trust fund, in which appellant has an interest equal to, and the same as, Mabel Nelson. She then alleges that said Winfield, Lairy, and Mahoney are made parties because they claim to have and hold a lien on said judgment for $700 as and for attorney's fees for services alleged to have been rendered by them to and for said Mabel Nelson, but that said pretended claim and lien is unjust, without foundation, and fraudulent, and made for the purpose of enabling them to get possession of any sum of money realized from the sale of said property. She then asked that the rights of herself and Mabel Nelson in and to said money received by the sheriff for the sale of said property be adjusted and declared equal, and that he be required to pay over one-half thereof to appellant; that the pretended lien of Winfield, Lairy, and Mahoney be canceled, etc.

It thus appears that the railroad company paid over to Martha J. Case $5,000. Of this amount $1,200 was her individual money paid to her on her relief certificate. The balance $3,800 was paid over and belonged to the said Martha J. Case as administratrix of her deceased husband, and it was her duty to distribute it amongst the heirs of the said decedent. She wholly failed to account to the heirs for the money. She purchased real estate, and paid for it the sum of $2,000, out of this money which belonged to the heirs.

As is said by counsel for appellee, this is in its nature a suit for contribution between heirs. Appellee Mabel Nelson has received her distributive share of her father's estate in full, and appellant Jessie Case, another heir who has received no part of her share, brings this action to enforce contribution. Appellee Mabel has not received anything more than belonged to her. She has simply by her diligence

reduced her interest in the estate to possession. If appellant can not secure her interest, it is not the fault of appellee Mabel nor is it because said appellee has received more than her distributive share. The deficit is caused by the fact that the administratrix wasted the estate. In the very similar case of *Lupton* v. *Lupton,* 2 Johns. Ch. 614, the court said: "There is a distinction, running through the cases, between an original deficiency of assets, and where the assets were sufficient, but had been wasted by the executor. In the former case, the legatee, who has been paid more than his proportion under the deficiency, must refund; but in the latter case, he is not obliged to, for he has received no more than what was due to him, and the other legatees must look to the executor. The legatee, who has been paid, shall retain the advantage of his legal diligence." To the same effect, see *Trustees, etc.,* v. *Cole,* 20 Barb. 321; Story's Eq. Jurisp. (13th ed.), §92; *Simms* v. *Simms,* 10 N. J. Eq. 168. There was originally in the hands of the administratrix enough money to have paid to the appellant an amount equal to that which appellee Mabel received. It was by the diligence of said appellee that she secured her portion, and, under the rule stated in the above cited authorities, she has a right to retain it.

The complaint being insufficient as against Mabel Nelson, it necessarily follows that it is insufficient against the other appellees, because, if the money is the property of said Mabel, the acts of the other appellees in relation thereto do not concern appellant.

We find no error. Judgment affirmed.